IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

DUSTIN JAMES TAYLOR,

    Plaintiff,

vs.

LORIE HARMS, JERRY CONNOLLY, CINDY WOLMUTT, and JOHN FAYRAM,

    Defendants.

No. 12cv45

ORDER

This matter is before the court on plaintiff's Application to Proceed in Forma Pauperis and Motion for Appointment of Counsel, filed May 10, 2012. Application to Proceed in Forma Pauperis granted, Motion for Appointment of Counsel denied. Dismissed.

Plaintiff brings this action pursuant to 42 USC §1983 seeking redress for the alleged deprivation of his constitutional rights. The court has jurisdiction pursuant to 28 USC §1331.

Based on the application and certificate of inmate account, in forma pauperis status shall be granted. 28 USC §1915. The Clerk shall be directed to file the Complaint without prepayment of the filing fee. Upon review of his current financial status, plaintiff shall not be required to submit an initial partial filing fee. He shall hereafter be required to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $350 filing fee is paid in full. 28 USC §1915(b)(1)(B). The agency having custody of plaintiff shall forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid. 28 USC §1915(b)(2).

Plaintiff, presently confined in the Iowa State Penitentiary, Ft. Madison, Iowa, asserts that while confined in the Anamosa State Penitentiary, Anamosa, Iowa, he wrote a memo to Health Services advising that he had been falling from his upper bunk, and was afraid it might happen again. He asserts that following receipt of the memo, defendant Harms discussed the matter with him the next day, and declined to move him to a bottom bunk. He further asserts that later that evening, he fell from the upper bunk again, injuring himself, and was then moved to a lower bunk. He seeks damages from defendants arising from Harms' earlier refusal to assign him a bottom bunk, and their respective roles in taking no action for help when asked, not sending information for a 1983 form, and not taking action to satisfy his grievance on this matter.

Upon review, without more, it is the court's view that plaintiff's claims do not state a violation of the United States Constitution, and that appointment of counsel is unwarranted.

It is therefore

ORDERED

Application to Proceed in Forma Pauperis granted in accordance herewith.

Motion for Appointment of Counsel denied.

Dismissed.

June 1, 2012.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

TO: WARDEN/ADMINISTRATOR
IOWA STATE PENITENTIARY
FT. MADISON, IOWA

## NOTICE OF COLLECTION OF FILING FEE

Dustin James Taylor, #6489026, an inmate at your facility, filed the following lawsuit in the US District Court for the Northern District of Iowa: <u>Taylor v. Harms, et al.</u>, 12-cv-45. The inmate was granted in forma pauperis status pursuant to 28 USC §1915(b), which requires partial payments of the $350 filing fee.

> …[the plaintiff] shall be "required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [plaintiff] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 USC §1915(b)(2). You must monitor the account and send payments to the Clerk of Court according to the system provided in 28 USC §1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*K. Jorgensen*     Deputy Clerk
_____
*Robert L. Phelps*
Robert Phelps
US District Court Clerk
Northern District of Iowa